IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. _____

LAURA LIEBERMAN
    Plaintiff,

v.

**COMPLAINT**
**(JURY TRIAL DEMANDED)**

ERIC GOINS, in his individual capacity,
TYLER MCNEILL, in his individual capacity,
ANITRA PEACOCK, in her individual capacity,
DAPHNE SHEPARD, in her individual capacity,
WAYNE COUNTY OFFICE OF EMERGENCY SERVICES, COUNTY OF WAYNE, North Carolina
&
CITY OF GOLDSBORO, North Carolina
    Defendants

## NATURE OF ACTION AND JURISDICTION

This is a civil action brought under 42 U.S.C. 1983, 1985 and 1988 seeking damages and against Defendants for committing acts, under color of law -- and/or conspiring with others acting under color of law -- with the intent and for the purpose of depriving Plaintiff of rights secured under the Fourth and Fourteenth Amendments and the Due Process provisions of the United States Constitution and laws of the United States and under the common law of the State of North Carolina. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, as well as the pendent jurisdiction of this Court to entertain claims arising under state law.

1

## PARTIES

3. Plaintiff Laura Lieberman was at all material times a resident of Wayne County, North Carolina, and was a 50 year old Caucasian female, who was already blind in her left eye when she was viciously and excessively beaten by Defendants during the course of her arrest for being intoxicated. This blinded her in the left eye making her totally blind. See pictures attached as "Exhibit A" that show Ms. Lieberman's facial injuries shortly after the beating.

4. Defendant Eric Goins was at all times relevant to this complaint a duly appointed and acting officer of the Goldsboro Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/or the City of Goldsboro. Goins was acting in the course and scope of his employment at all material times. He is being sued in his individual capacity.

5. Defendant Tyler McNeill was at all times relevant to this complaint a duly appointed and acting officer of the Goldsboro Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/or the City of Goldsboro. McNeill was acting in the course and scope of his employment at all material times. He is being sued in his individual capacity.

6. Defendant Anitra Peacock was an employee and/or official agent of Office of Emergency Services of Wayne County (N.C.), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/or the County of Wayne. Peacock was acting in the course and scope of her employment at all material times. She is being sued in her individual capacity.

7. Defendant Daphne Shepard was an employee and/or official agent of Office of Emergency Services (OES) of Wayne County (N.C.), acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of North Carolina and/or the County of Wayne. Shepard was acting in the course and scope of her employment at all material times. She is being sued in her individual capacity.

8. Defendant City of Goldsboro, hereinafter "City" is a North Carolina municipality and is the legal entity responsible for itself and for the Goldsboro Police Department. This Defendant is/was the employer of the individual Defendants Officers Goins and McNeill and is a proper entity to be sued under 42 U.S.C. § 1983.

9. Moreover, Defendants McNeill and Goins were employees and/or official agents of Defendant City by and through the Goldsboro Police Department. As such, Defendant City is liable for the torts arising under North Carolina state law that are committed by said defendant(s) while acting in the course and scope of their employment.

10. Moreover, Defendant Wayne County is a political subunit of the State of North Carolina and the employers of Defendants Shepard and Peacock who are employees and/or agents of Defendant County. As such, Defendant County is liable for the torts arising under North Carolina state law that are committed by said defendant(s) while acting in the course and scope of their employment.

## FACTS

11. On January 2, 2012, Plaintiff checked into the Holiday Inn in Goldsboro, North Carolina.

12. Plaintiff had been drinking alcohol to excess and was having difficulty opening her hotel room door to open (that she had just paid for) and eventually sat down in the hallway.

3

13. Apparently, someone noticed Plaintiff and called the authorities.

14. Defendant Peacock and Defendant Shepard of Wayne County OES, arrived at 5:17pm and engaged Plaintiff.

15. Defendant Peacock and Defendant Shepard of Wayne County OES, wanted Plaintiff to go to the Hospital but Plaintiff refused and became agitated.

16. According to the report of Defendant Peacock and Defendant Shepard of Wayne County OES, Plaintiff made racial epithets and became combative.

17. Defendant Peacock and Defendant Shepard contacted the Goldsboro Police Department.

18. Goldsboro Police Department Officers Goins and McNeill responded.

19. According to the OES report, Plaintiff was wrapped in a blanket and Plaintiff actively resisted. Plaintiff was not under arrest and had committed no crime. There is not mention that the hotel wanted Plaintiff removed for trespassing or the like. According to the OES report Plaintiff was "very disrespectful". Hence, Plaintiff was seized by the defendants, who were acting under color of state law, without probable cause or reasonable suspicion and her detention was not only unreasonable and unlawful under the Fourth Amendment, said wrongful seizure of Plaintiff led directly to the escalation of events and the use of excessive force and in turn led to Plaintiff's blindness.

20. The Goldsboro Police Department incident report says Plaintiff attempted to punch Defendant Goins with a "closed fist" but missed McNeil.

21. According to the OES report, "Officers took the patient down to the floor" causing her to become unconscious and bleed from the right side of her face, eye and forehead.

4

22. The "take down" (which is omitted from the police report) resulted in immediate and permanent total blindness in the Plaintiff's right eye. She was already blind in her left eye. Hence, she became totally blind in both eyes.

23. The police report and the OES report and the Wayne County Hospital report all have significant contradictions. For example, the police report says that the Plaintiff swung at Goins with her "fist", missed McNeil and "then shoved the paramedics". The OES report says Plaintiff was swinging her purse at the officers when the "take down" took place. The police report contains no mention of any injury to Plaintiff. The reports are not even consistent as to whether Plaintiff lost consciousness.

24. In addition to being left totally blind, the Plaintiff suffered a potentially life threatening subarachnoid hemorrhage, a fracture to her eye socket and serious injury to her eyeball but no injury whatsoever to the tip of her nose. Upon information and belief, Plaintiff's injuries are consistent with being stricken by an instrument (such as a flashlight), not a fall.

25. Plaintiff suffered a very visible bruise above her right eye (see attached photographs) in the shape of a capital "M". Upon information and belief, the "M" bruise could not have resulted from contact with the carpeted floor at the Holiday Inn..

26. The Goldsboro Hospital report says that Plaintiff "apparently fell". There was not so much as a scratch on the tip of Plaintiff's nose, but Plaintiff had significant bruising on the bridge of her nose which cannot be explained by a fall, at least not a fall onto a carpeted floor at the Plaintiff's hotel where the event took place. The injuries that Plaintiff sustained are the result of a clear use of excessive police force given that all Plaintiff was doing was sitting on the floor inebriated.

27. Plaintiff's visible injuries are consistent with a strike of great force across her right eye and the bridge of her nose - not a fall. Moreover, the sheer force required to cause a subarachnoid hemorrhage

and total blindness cannot be explained by what is contained in the various reports of Goldsboro Police Department, OES and Wayne Memorial Hospital.

28. However, the reports do yield clues as to what took place. The OES report says Plaintiff was "very disrespectful", made "racial comments", "wouldn't stop talking" and "started swearing at me". These notes immediately preceded the "take down" language that resulted in Plaintiff's blindness. Plaintiff's actions got the defendants angry and she got beaten badly. It is clear that Plaintiff was beaten excessively and cruelly for making racial epithets and being uncooperative while drunk. Plaintiff was defenseless in that state and harmful to no one except herself until these four defendants arrived. It is also clear that the reports of all four individual defendants are worded so as to avoid reporting the truth of what happened. It is evident from the medical records that the medical personnel who treated Plaintiff at her hospital admissions were dubious at best concerning the "fall" explanation. Upon information and belief, all four defendants made intentional misstatements of fact and/or made intentional omissions of material facts to cover up the true explanation of how Plaintiff became permanently and totally blind. As such, all Defendants conspired together to violate Plaintiff's constitutional rights by hiding and concealing the true cause of Plaintiff's life-altering permanent blindness -- all because she was sitting on the floor under the influence of alcohol.

29. Plaintiff's condition was so serious that Wayne County Memorial Hospital transported her via ambulance over 40 miles away to Pitt County Memorial Hospital in Greenville, North Carolina. Her right eye injury was so severe that it was known during her admission that Plaintiff would never see out of that eye again.

30. Plaintiff stayed in Pitt County Memorial Hospital for a month in the trauma unit.

31. Afterwards, Plaintiff stayed in Willow Creek nursing home for another month to adjust to her blindness.

32. Before becoming totally blind, Plaintiff was an avid reader. Plaintiff enjoyed gardening and cooking. However, Plaintiff also used to engage in activities most of us take for granted such as taking walks, putting on her own makeup, fixing her hair, watching television, going out to eat, surfing the internet, keeping a pet and cleaning her own home. Plaintiff can do none of this now and is often totally dependent on family, friends and sometimes even strangers. Plaintiff cannot buy her own groceries and if she dines at a buffet, she gets what someone else picks for her.

33. Plaintiff will never see a sunset or a loved one's face again. Her world is a small, sometimes frightening and often dangerous place.

34. In her earlier life, Plaintiff was Valedictorian at Goldsboro High School (in 1979) and received a full scholarship to Duke University but later withdrew for personal reasons.

35. Plaintiff now takes the maximum dosage (or very nearly) of Prozac and is constantly changing her anxiety medication.

36. Moreover, due to her blindness, Plaintiff suffers from sleep deprivation and takes medication which is of marginal efficacy.

37. All of the actions described herein as committed by Defendants were committed under the auspices of their employment with Defendant City and Defendant County.

38. As a direct and proximate cause of the said acts of Defendants, the Plaintiff suffered the following damages:

    a. Violation of her constitutional rights under the Fourth and Fourteenth

        Amendments to the United States Constitution to be free from an unreasonable

7

search and seizure and assault of her person;

b. Loss of her physical liberty;

c. Violation of her constitutional rights under the Fourth and Fourteenth Amendments due to the excessive force used on Plaintiff during her arrest and/or medical treatment for being drunk;

d. Monetary expenses associated with obtaining bail, legal fees and court costs;

e. Complete and total blindness for the rest of her life and physical pain and suffering as well as emotional trauma and suffering from the beating she sustained

39. The action of Defendants alone and/or in conspiracy with one another violated the following clearly established and well settled federal constitutional rights of Plaintiff:

a. Freedom from the unreasonable seizure of her person;

b. Freedom from against the use of excessive force;

c. Deprivation of her rights to due process by making incorrect/misleading and/or simply untruthful reports to conceal the illegal beating suffered by Plaintiff;

40. With deliberate indifference to the rights of citizens to be free from excessive force by police, the Defendant City has ongoingly encouraged, tolerated, ratified, and acquiesced to a dangerous environment of police brutality by:

a. failing to conduct sufficient training or supervision with respect to the constitutional limitations on the use of force;

b. by failing to adequately punish unconstitutional uses of force;

c. by tolerating the use of unconstitutional force; and,

d. by tolerating, encouraging, and permitting collusive statements by involved officers in such situations.

8

41. It is the deliberately indifferent custom, habit, practice and/or policy of the Defendant City and the Goldsboro Police Department to permit police officers to use excessive force against individuals when such use is unnecessary and unjustified, as well as to fail to supervise and to train police officers in the appropriate constitutional limits on the use of force, knowing that these members of law enforcement therefore pose a significant risk of injury to the public.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 and 1985– Excessive Force in violation of the Fourth and Fourteenth Amendments
### (Against all Individual Defendants )

42. Plaintiff hereby incorporates all other paragraphs of this Complaint as if fully set forth herein.

43. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

44. Plaintiff in this action is a citizen of the United States and all of the individual police officer Defendants and County OES personnel to this claim are persons for purposes of 42 U.S.C. § 1983.

45. All individual Defendants to this claim, at all times relevant hereto, were acting

under the color of state law in their capacity as Goldsboro police officers and Wayne County OES personnel and their acts or omissions were conducted within the scope of their official duties or employment.

46. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure and excessive force.

47. Plaintiff also had the clearly established Constitutional right under the Fourteenth Amendment to bodily integrity and to be free from excessive force by law enforcement.

48. Any reasonable police officer and any reasonable OES personnel knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

49. Defendants actions and use of force, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated these Fourth Amendment rights of Plaintiff.

50. Defendants actions and use of force, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The force used by these Defendant officers shocks the conscience and violated these Fourteenth Amendment rights of Plaintiff.

51. Defendants Goins and McNeill unlawfully seized Plaintiff by means of objectively unreasonable, excessive and conscious shocking physical force, thereby unreasonably restraining Ms. Lieberman of her freedom.

52. The force used constituted deadly force in that it could have caused death and did cause serious bodily injury, permanent scarring and blindness.

53. Neither of the Defendant officers and neither of Defendant OES personnel took reasonable steps to protect Plaintiff from the objectively unreasonable and conscience shocking excessive force of other Defendant officers or from the excessive force of the other responding officer despite being in a position to do so. They are each therefore liable for the injuries and damages resulting from the objectively unreasonable and conscience shocking force of each other officer.

54. Defendants engaged in the conduct described by this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected constitutional rights.

55. They did so with shocking and willful indifference to Plaintiff's rights and their conscious awareness that they would cause Plaintiff severe physical and emotional injuries.

56. The acts or omissions of all individual Defendants were moving forces behind Plaintiff's injuries.

57. These individual Defendants acted in concert and joint action and/or conspiracy with each other to commit the use of excessive force and/or to conceal it.

58. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional rights and caused her other damages.

59. These individual Defendants are not entitled to qualified immunity for the complained of conduct.

60. The Defendants to this claim at all times relevant hereto were acting pursuant to municipal/county custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their actions pertaining to Plaintiff.

61. As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered total and complete blindness as well as actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including

medically related expenses and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial.

62. In addition to compensatory, economic, consequential and special damages, Plaintiff is entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983 and 1985, in that the actions of each of these individual Defendants have been taken maliciously, willfully or with a reckless or wanton disregard of the constitutional rights of Plaintiff.

### SECOND CLAIM FOR RELIEF
**Violation of 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth, Fourteenth, and First Amendments and in violation of 42 U.S.C. § 1983**
**(Against Defendant City and Defendant County)**

63. Plaintiff hereby incorporates paragraphs 1 through 62 of this Complaint as if fully set forth herein.

64. 42 U.S.C. § 1983 provides that: Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

65. Plaintiff in this action is a citizen of the United States and Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

66. The Defendants to this claim at all times relevant hereto were acting under the color of state law.

67. Plaintiff had the following clearly established rights at the time of the complained of conduct:

    a. the right to be secure in his person from unreasonable seizure through excessive force, under the Fourth Amendment;

12

b. the right to bodily integrity and to be free from excessive force by law enforcement under the Fourteenth Amendment;

c. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation;

d. the right to due process and a proper truthful report of how Plaintiff was injured as opposed to conspiratorial concealment,

68. Defendant City and Defendant County knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

69. The acts or omissions of these Defendants, as described herein, deprived Ms. Lieberman of her constitutional and statutory rights and caused her other damages.

70. The acts or omissions of Defendants as described herein intentionally deprived Plaintiff of her constitutional and statutory rights and caused her other damages.

71. Defendants are not entitled to qualified immunity for the complained of conduct.

72. These Defendants developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were moving forces behind and proximately caused the violations of Ms. Lieberman's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

73. Defendant City and Defendant County have created and tolerated customs, law enforcement related policies, procedures, customs, practices, false reporting or deficient reporting and/or failed to properly train and/or supervise its officers and OES personnel in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and of the public.

74. In light of the duties and responsibilities of those police officers that participate in arrests and preparation of police reports on alleged crimes, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights. The same is true for the County who permit deficient reports from OES employees who are not trained to handle situations as simple as a drunk person sitting in a hotel hallway.

75. The deliberately indifferent training and supervision provided by Defendant City and Defendant County resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant City and Defendant County and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

76. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial. As a further result of the Defendants' unlawful conduct, Plaintiff has incurred special damages, including medically related expenses and may continue to incur further medically or other special damages related expenses, in amounts to be established at trial.

## THIRD CLAIM FOR RELIEF
**Assault and Battery**
**(Against all Defendants)**

77. Paragraphs 1 through 76 are incorporated herein by reference as though fully set forth.

78. Defendants Goins and McNeill intended to cause excessive use of force/contact with Plaintiff, and said contact as well as the intentional use of force by Defendants Peacock and Shepard on Plaintiff occurred and the Plaintiff did not and could not consent to said contact.

79. Defendants committed said contact/excessive use/of force/ non-consensual contact thereby causing reasonable apprehension by Plaintiff of imminent threat of physical injury.

80. Defendants either alone or in conjunction assaulted and battered Plaintiff.

81. As a result of this assault and battery, Plaintiff suffered damages as aforesaid.

82. Defendants were employees/agents of the Defendant City and Defendant County and were acting in the course and scope of his/their employment at the time he/they committed (or approved) the acts complained of herein. Hence, Defendant City and Defendant County are liable for those acts under the theory of respondent superior.

## PRAYER FOR RELIEF

Plaintiff prays that this Court enter judgment for the Plaintiff and against each of the Defendants and grant:

    A. compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

    B. economic losses on all claims allowed by law;

    C. special damages in an amount to be determined at trial;

    D. punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

E. attorneys' fees and the costs associated with this action under 42 U.S.C. § 1988, including expert witness fees, on all claims allowed by law;

F. pre- and post-judgment interest at the lawful rate; and,

G. any further relief that this court deems just and proper, and any other appropriate relief at law and equity.

H. award punitive damages against all defendants, jointly and severally, for all the counts alleging claims arising under North Carolina tort law.

I. award the costs of this action to the plaintiffs; and

J. a trial by jury.

This the 11th day of August, 2014.

/s/ David C. Sutton
David C. Sutton
Attorney for Plaintiff
N.C. Bar No. 29825
105-B Regency Blvd.
Greenville, NC 27834
Telephone No. (252) 756-7124
Facsimile No. (252) 565-1662
Email: dave@davecsuttonlaw.com

NORTH CAROLINA

___PITT___ COUNTY

## VERIFICATION

Laura Lieberman, being first duly sworn, deposes and says that she is the Plaintiff in the foregoing action. She has read the foregoing Complaint and says that the same is true and correct to the best of her own knowledge except those matters and things herein alleged upon information and belief. As to those, she believes the same to be true.

*(signature)*
Laura Lieberman

Sworn to and subscribed before me, this the __11th__ day of __August__, ~~2013~~ 2014. *HLL*

*(signature)*
Notary Public

My Commission Expires: __06/14/15__

*(Notary seal: HILLARY L. LYNN, NOTARY PUBLIC, PITT COUNTY, N.C.)*