UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-00454-FL

| | |
|---|---|
| LAURA LIEBERMAN,<br><br>              Plaintiff,<br><br>v.<br><br>ERIC GOINS, in his individual capacity, TYLER MCNEILL, in his individual capacity, ANITA PEACOCK, in her individual capacity, WAYNE COUNTY OFFICE OF EMERGENCY SERVICES, COUNTY OF WAYNE, NORTH CAROLINA, & CITY OF GOLDSBORO, NORTH CAROLINA,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **ANSWER**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

NOW COME Defendants Eric Goins, in his individual capacity, Tyler McNeill, in his individual capacity, and the City of Goldsboro, North Carolina ("City Defendants"), by and through their undersigned counsel, and respond to the Plaintiff's Complaint as follows:

1. There is no Paragraph 1 of the Complaint.

2. There is no Paragraph 2 of the Complaint.

3. The allegations contained in Paragraph 3 are denied, due to a lack of information and belief.

4. The allegations contained in Paragraph 4 are admitted.

5. The allegations contained in Paragraph 5 are admitted.

6. The allegations contained in Paragraph 6 are not directed to these Defendants, and no response is required. To the extent a response is required, these allegations are denied due to a lack of information and belief.

7. The allegations contained in Paragraph 7 are not directed to these Defendants, and no response is required. To the extent a response is required, these allegations are denied due to a lack of information and belief.

8. It is denied that the City of Goldsboro is a proper entity to be sued. Except as denied, the allegations contained in Paragraph 8 are admitted.

9. It is admitted that Defendants McNeil and Goins were employees of the City. The remaining allegations contained in Paragraph 9 constitute legal conclusions to which no response is required. To the extent a response is required, these allegations are denied.

10. The allegations contained in Paragraph 10 are not directed to these Defendants, and no response is required. To the extent a response is required, these allegations are denied due to a lack of information and belief.

11. The allegations contained in Paragraph 11 are admitted, on information and belief.

12. It is denied that Plaintiff was attempting to open the door to the hotel room that she had just paid for, as she was on the fourth floor and her hotel room was on the second floor. Except as admitted, the allegations contained in Paragraph 12 are admitted.

13. The allegations contained in Paragraph 13 are admitted.

14. The allegations contained in Paragraph 14 are admitted, upon information and belief.

15. The allegations contained in Paragraph 15 are admitted, upon information and belief.

16. The allegations contained in Paragraph 16 are admitted.

17. The allegations contained in Paragraph 17 are admitted.

18. The allegations contained in Paragraph 18 are admitted.

19. It is admitted that the OES report speaks for itself and is the best evidence of its contents. The remaining allegations contained in Paragraph 19 constitute legal conclusions, for

which no response is required. To the extent a response is required, these allegations are denied.

20. It is admitted that the Goldsboro Police Department incident report speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 20 are denied.

21. It is admitted that the OES report speaks for itself and is the best evidence of its contents. The remaining allegations contained in Paragraph 21 constitute legal conclusions, for which no response is required. To the extent a response is required, these allegations are denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied, due to a lack of information and belief.

23. It is admitted that the police report, the OES report, and the Wayne County Hospital Report speak for themselves and are the best evidence of their contents. Except as specifically admitted, the allegations contained in Paragraph 23 are denied.

24. The implication that Plaintiff was struck with an instrument is specifically denied. The remaining allegations contained in Paragraph 24 are denied, due to a lack of information and belief.

25. The allegations contained in Paragraph 25 are denied.

26. It is admitted that the Goldsboro Hospital report speaks for itself and is the best evidence of its contents. Except as specifically admitted, the allegations contained in Paragraph 26 are denied.

27. The allegations contained in Paragraph 27 are denied.

28. It is admitted that the OES report, the reports of the four individual defendants, and the medical records speak for themselves and are the best evidence of their contents. Except as specifically admitted, the allegations contained in Paragraph 28 are denied.

29. The allegations contained in Paragraph 29 are denied, due to a lack of information and belief.

30. The allegations contained in Paragraph 30 are denied, due to a lack of information and belief.

31. The allegations contained in Paragraph 31 are denied, due to a lack of information and belief.

32. The allegations contained in Paragraph 32 are denied, due to a lack of information and belief.

33. The allegations contained in Paragraph 33 are denied, due to a lack of information and belief.

34. The allegations contained in Paragraph 34 are denied, due to a lack of information and belief.

35. The allegations contained in Paragraph 35 are denied, due to a lack of information and belief.

36. The allegations contained in Paragraph 36 are denied, due to a lack of information and belief.

37. The allegations contained in Paragraph 37 are denied.

38. The allegations contained in Paragraph 38, including subparts a-e, are denied.

39. The allegations contained in Paragraph 39, including subparts a-c, are denied.

40. The allegations contained in Paragraph 40, including subparts a-d, are denied.

41. The allegations contained in Paragraph 41 are denied.

42. The foregoing responses are hereby incorporated in this response, as though fully set forth herein.

43. The allegations contained in Paragraph 43 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that 42 U.S.C. 1983 speaks for itself.

44. The allegations contained in Paragraph 44 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that 42 U.S.C. 1983 speaks for itself.

45. The allegations contained in Paragraph 45 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied as stated.

46. The allegations contained in Paragraph 46 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied as stated.

47. The allegations contained in Paragraph 47 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied as stated.

48. The allegations contained in Paragraph 48 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied as stated.

49. The allegations contained in Paragraph 49 are denied.

50. The allegations contained in Paragraph 50 are denied.

51. The allegations contained in Paragraph 51 are denied.

52. The allegations contained in Paragraph 52 are denied.

53. The allegations contained in Paragraph 53 are denied.

54. The allegations contained in Paragraph 54 are denied.

55. The allegations contained in Paragraph 55 are denied.

56. The allegations contained in Paragraph 56 are denied.

57. The allegations contained in Paragraph 57 are denied.

58. The allegations contained in Paragraph 58 are denied.

59. The allegations contained in Paragraph 59 are denied.

60. The allegations contained in Paragraph 60 are denied as stated.

61. The allegations contained in Paragraph 61 are denied.

62. The allegations contained in Paragraph 62 are denied.

63. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

64. The allegations contained in Paragraph 64 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that 42 U.S.C. 1983 speaks for itself.

65. The allegations contained in Paragraph 65 constitute conclusions of law, to which no response is required. To the extent a response is required, it is admitted that 42 U.S.C. 1983 speaks for itself.

66. The allegations contained in Paragraph 66 constitute conclusions of law, to which no response is required.

67. The allegations contained in Paragraph 67 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations, including subparts a-d, are denied as stated.

68. The allegations contained in Paragraph 68 constitute conclusions of law, to which no response is required. To the extent a response is required, these allegations are denied as stated.

69. The allegations contained in Paragraph 69 are denied.

70. The allegations contained in Paragraph 70 are denied.

71. The allegations contained in Paragraph 71 are denied.

72. The allegations contained in Paragraph 72 are denied.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

77. The foregoing responses are hereby incorporated into this response, as though fully set forth herein.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are denied.

81. The allegations contained in Paragraph 81 are denied.

82. The allegations contained in Paragraph 82 are denied.

**ALL ALLEGATIONS CONTAINED IN THE COMPLAINT, INCLUDING THE NATURE OF ACTION AND JURISDICTION SECTION AND PRAYER FOR RELIEF, NOT SPECIFICALLY ADMITTED TO ABOVE ARE DENIED.**

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state valid claims for relief against these defendants, in whole or in part, as required by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

Defendants plead sovereign and governmental immunity as a defense to all applicable claims asserted herein.

## THIRD AFFIRMATIVE DEFENSE

Defendants plead public official immunity as a complete defense to all applicable claims and allegations herein.

## FOURTH AFFIRMATIVE DEFENSE

At all relevant times, defendants acted in good faith, without malice, and with the reasonable belief that all of their actions were consistent with plaintiff's rights. Defendants are therefore protected from liability in this action by the doctrine of qualified immunity, which defendants specifically assert as a defense to all applicable claims herein.

## FIFTH AFFIRMATIVE DEFENSE

At all relevant times, Defendant Goins and McNeill acted in compliance with and pursuant to N.C.G.S. § 15A-401. Defendants' compliance therewith is hereby pled as an affirmative defense to all applicable claims herein.

## SIXTH AFFIRMATIVE DEFENSE

Defendants plead self-defense as a defense to all applicable claims asserted herein.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants allege that reasonable and probable cause existed for plaintiff's arrest.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants plead all other applicable immunities to which they are entitled by operation of law in bar of plaintiff's right to recover herein.

## NINTH AFFIRMATIVE DEFENSE

Defendants allege that plaintiff's own actions at the time in question caused her alleged but denied damages in that she assaulted Defendant Peacock, assaulted Defendant Shephard, assaulted Defendant Goins, resisted arrest, and otherwise acted in such a manner so as to cause herself to be arrested and requiring Defendant Goins and Defendant McNeill to use reasonable force necessary to defend themselves and others, and to effect the arrest. Defendants assert that these acts on the part of plaintiff were a direct and proximate cause of any damages allegedly sustained by her and are specifically plead in bar of plaintiff's right to recover any damages herein.

## TENTH AFFIRMATIVE DEFENSE

The City of Goldsboro did not engage in, promote or further any policy, practice, or custom that in any way violated plaintiff's constitutional right.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendants assert that their actions concerning plaintiff's arrest and their use of force were valid, lawful, reasonable and supported by probable and just cause. Defendants assert that their actions concerning any seizure were valid, lawful, reasonable, and supported by probable and just cause.

## TWELFTH AFFIRMATIVE DEFENSE

Legal justification is pled as an affirmative defense in bar of plaintiff's right to recover in this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

As to the plaintiff's claims for punitive damages, defendants plead the defense of absolute sovereign and governmental immunity.

### FOURTEENTH AFFIRMATIVE DEFENSE

As an additional and affirmative defense to the plaintiff's claim for punitive damages, defendants raise all defenses, rights, remedies, immunities, and limits set out in N.C.G.S. §1D, *et seq.*, by means of a bar or limitation as to the plaintiff's right to recover punitive damages herein.

### FIFTEENTH AFFIRMATIVE DEFENSE

In response to plaintiff's claim for punitive damages, Defendants assert that plaintiff's claim is insufficient as a matter of law on the grounds that the Complaint fails to allege aggravated conduct or facts which give rise to an entitlement to a claim for punitive damages pursuant to North Carolina law, including but not limited to Chapter 1D of the North Carolina General Statutes.

### SIXTEENTH AFFIRMATIVE DEFENSE

As an additional defense to the plaintiff's claim for punitive damages, defendants assert and plead that even if defendants were grossly in violation of public policy and acted in disregard to plaintiff's rights, which is specifically denied, the imposition of punitive damages without meaningful standards defining the conduct justifying the imposition of such damages would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Also, the imposition of punitive damages under current federal procedures would violate both of these Constitutional provisions because current procedures regarding the imposition of punitive damages do not include safeguards constitutionally required to accompany the exaction of a

penalty.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants plead the absence of actual malice in bar of Plaintiff's claims for compensatory and/or punitive damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate damages (if any).

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

In response to plaintiff's claim for punitive damages, Defendants assert that plaintiff's claim is insufficient as a matter of law on the grounds that the Complaint fails to allege aggravated conduct or facts which give rise to an entitlement to a claim for punitive damages pursuant to North Carolina law, including but not limited to Chapter 1D of the North Carolina General Statutes.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

As an additional and affirmative defense as to Plaintiff's claim for punitive damages, Defendants raise all defenses, rights, remedies, immunities and limits set out in Chapter 1D of the North Carolina General Statutes, as a bar or limitation to Plaintiff's right to recover punitive damages herein.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

DEFENDANTS RESERVE THE RIGHT TO AMEND THEIR ANSWER AND TO ASSERT ADDITIONAL AFFIRMATIVE DEFENSES AS THE CLAIMS OF PLAINTIFFS ARE MORE FULLY DISCLOSED DURING THE COURSE OF THIS LITIGATION.

WHEREFORE, having fully answered each and every allegation contained in Plaintiffs' Complaint, Defendants pray to the Court as follows:

1. That the Plaintiff have and recover nothing of the Defendants by way of this action;

2. For the costs of this action, including reasonable attorneys' fees;

3. For a trial by jury on all issues of fact so triable herein; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 6th day of October, 2014.

            CRANFILL SUMNER & HARTZOG LLP

            /s/ DAN M. HARTZOG JR.
            N.C. State Bar No. 35330
            Email: dhartzogjr@cshlaw.com
            Attorneys for Defendants Eric Goins,
              Tyler McNeill, and City of Goldsboro
            CRANFILL SUMNER & HARTZOG LLP
            Post Office Box 27808
            Raleigh, North Carolina 27611-7808
            Telephone: 919/828-5100
            Facsimile: 919/828-2277

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:14-cv-00454-FL

| | |
|---|---|
| LAURA LIEBERMAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ERIC GOINS, in his individual capacity, )<br>TYLER MCNEILL, in his individual )<br>capacity, ANITRA PEACOCK, in her )<br>individual capacity, DAPHNE SHEPARD, )<br>in her individual capacity, WAYNE )<br>COUNTY OFFICE OF EMERGENCY )<br>SERVICES, COUNTY OF WAYNE, )<br>NORTH CAROLINA, and CITY OF )<br>GOLDSBORO, NORTH CAROLINA, )<br>)<br>Defendants. ) | **CERTIFICATE OF SERVICE** |

I hereby certify that on October 6, 2014, I electronically filed the foregoing *Answer* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: David C. Sutton at lawyer1@davecsuttonlaw.com.

/s/ DAN M. HARTZOG JR.
N.C. State Bar No. 35330
Email: dhartzogjr@cshlaw.com
Attorneys for Defendant Eric Goins, Tyler McNeill,
  and City of Goldsboro, North Carolina
CRANFILL SUMNER & HARTZOG LLP
Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone: 919/828-5100
Facsimile: 919/828-2277

13
Case 5:14-cv-00454-FL   Document 21   Filed 10/06/14   Page 13 of 13